**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Eddie W. Bell, Jr., | ) | No.  CV 06-0348-PHX-SMM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| The Hillman Group, | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant The Hillman Group's ("Hillman") Motion to Dismiss for Insufficiency of Process submitted pursuant to Fed.R.Civ.P. 4(h) and 4(m). (Dkt. 6.)  Defendant alleges that Plaintiff Eddie Bell Jr. failed to properly serve the Summons and Complaint within 120 days after filing his complaint.  After considering the arguments in Defendant's Motion to Dismiss (Dkt. 6) and Plaintiff's Response (Dkt. 7), the Court issues the following Order.

**BACKGROUND**

On or about January 30, 2006, Plaintiff filed a Complaint against Hillman alleging "Notice Right to Suit Title Virtue Americans with Disabilities Act and/or the Age Discrimination in Employment Act, Equal Pay Act." (Dkt. 1.)  Plaintiff filed his Complaint on January 30, 2006 and attempted to serve The Hillman Group on or about March 3, 2006 by registered mail sent to Defendant's attorney. (Dkt. 7.)  Plaintiff includes in his Response a letter from Defendant's attorney instructing him that she received the documents, but that this service was improper. (Dkt. 7.) Plaintiff also received several

notices from the Court instructing him to properly serve Defendant and providing him with a form of Summons on February 2, 2006 in order to serve Defendant. (Dkt. 3, 4.) However, even after receiving these notices, Plaintiff failed to properly serve Defendant within 120 days.  Instead, Plaintiff filed a new action in Maricopa County Superior Court against The Hillman Group on May 30, 2006 asserting the same cause of action. (Dkt. 9.)[1] Furthermore, in that second action, Plaintiff was able to properly serve Defendant one day later, on May 31, 2006. (Dkt. 9.)

Plaintiff acknowledges his mistake and assigns his error to heavy medication for mental illness that has serious side effects. (Dkt. 7.)  Plaintiff is still employed by Hillman in Tempe, Arizona. (Dkt. 6.)  Plaintiff filed his Complaint on January 30, 2006 and, to date, he has failed to effectuate service against Hillman. (Dkt. 6, 9.)

## STANDARD OF REVIEW

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P 4(m).  Additionally, Rule 4(h) of the Federal Rules of Civil Procedure specifically addresses the proper manner by which a corporation must be served with a Summons and Complaint, specifically, "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P 4(h)(1).  *Pro se*

---

[1] Defendant timely removed this lawsuit on June 13, 2006, and it was also assigned to this Court.  See Bell v. The Hillman Group, CIV-06-1526-SMM.

litigants are not exempt from complying with the basic rules for service of process.  See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).  Additionally, ignorance of the law is not an excuse for failure to comply with service of process rules.  Dunmars v. City of Chicago, 22 F.Supp.2d 777, 783 (N.D. Ill. 1998).

Furthermore, a district court in the Second Circuit has held that "illness and other personal problems" do not constitute good cause.  Szarejko v. Great Neck School Dist., 795 F.Supp 81, 84 (E.D.N.Y. 1992).  A district court in the Ninth Circuit has also held that a case may be dismissed and an extension denied when service was effected on the wrong agent, especially when the Plaintiff had correctly served the same Defendant in a previous suit.  McWherter v. CBI Services, Inc., 153 FRD 161 (D. Hawaii, 1994).

## DISCUSSION

Although the Court generally maintains a liberal policy with regard to *pro se* litigants, *pro se* litigants are not entitled to ignore the Federal Rules of Civil Procedure and their requirements.  See American Ass'n of Naturopathic Physicians, 227 F.3d at 1108.  In this case, Plaintiff was given ample time and notice to correct his service error by both Defendant and the Court. (Dkt. 9.)  Furthermore, the Court gave Plaintiff specific instructions and forms in order to facilitate proper service of process on the Defendant. (Dkt. 4, 9.)  Based on the Plaintiff's current employment with the Defendant and his subsequent proper service of Defendant in the second lawsuit filed by Plaintiff, the Court concludes that Plaintiff had the ability to ascertain the appointed agent for service of

- 3 -

process and to effect that service properly. (Dkt. 9.)  Moreover, although the Court may grant an extension of time for service of process based on "good cause," Plaintiff does not contend that good cause exists, and the Court finds that Plaintiff's illness and purported ignorance of the law do not constitute good cause under the established case law.  See Szarejko, 795 F.Supp at 84; Dunmars, 22 F.Supp.2d at 783.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendant The Hillman Group's Motion to Dismiss for Insufficiency of Process. (Dkt. 6.)

**IT IS FURTHER ORDERED DENYING AS MOOT** Plaintiff Eddie Bell Jr.'s Motion to Appoint Counsel.  (Dkt. 7.)

DATED this 12th day of September, 2006.


Stephen M. McNamee
United States District Judge

- 4 -